IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ronnie Wood, #318879,                      )
                                           )  C/A No. 4:09-2606-MBS
                      Petitioner,          )
                                           )
        vs.                                )
                                           )          **O R D E R**
Warden, Ridgeland Correctional Institution, )
                                           )
                      Defendant.            )
_____ )

At the time of filing of the within action, Petitioner Ronnie Wood was a inmate in custody of the South Carolina Department of Corrections (SCDC). Petitioner was housed at the Ridgeland Correctional Institution in Ridgeland, South Carolina. Petitioner, proceeding pro se, filed a petition for writ of habeas corpus on October 7, 2009. See 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On October 9, 2009, the Magistrate Judge issued an order in which Petitioner was directed to advise the Clerk of Court in writing of any change in address. Petitioner was cautioned that his failure to do so could result in dismissal of the case. On December 18, 2009, Petitioner informed the court that he was soon to be released from SCDC custody. Petitioner provided the court with a new mailing address to be effective December 31, 2009.

On January 22, 2010, Respondent Warden, Ridgeland Correctional Institution, filed a motion for summary judgment. By order filed January 25, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. The Roseboro order was mailed to Petitioner's new mailing address. However, on February 8, 2010, the envelope containing the Roseboro order was

returned to the Office of the Clerk of Court marked "Return to sender. No longer at this address." Petitioner has provided the court with no additional mailing address. Accordingly, the Magistrate Judge issued a Report and Recommendation on March 2, 2010 in which he recommended that the within petition be dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is dismissed *with prejudice* pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
March 23, 2010

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**